Patrick J. Geile
Bar No. 6975
FOLEY FREEMAN, PLLC
953 S. Industry Way
P.O. Box 10
Meridian, ID 83680
Phone: (208) 888-9111
FAX: (208) 888-5130
pgeile@foleyfreeman.com

Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re: | Case No. 17-40973-JMM |
|---|---|
| WELLS ALAN WYATT, | Chapter 7 |
| Debtor. | |
| BANNER BANK, | Adv. Case No. 18-08006-JMM |
| Plaintiff, | |
| vs. | |
| WELLS ALAN WYATT, | |
| Defendant. | |

**DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS**

COMES NOW the Defendant, Wells Alan Wyatt, by and through his attorney of record, Patrick J. Geile of the firm Foley Freeman, PLLC, and hereby moves the Court for an order compelling attendance at the deposition for November 28th beginning at 1:30 pm and for sanctions pursuant to Bankruptcy Rule 37.

DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS - 1

This matter was originally filed nine months ago with a hastily filed complaint and Banner Bank has done nothing but delay the matter.

Counsel first requested Dave Stirewalt's deposition on March 5, 2018 because his testimony is dispositive in the matter.

Banner Bank responded asking for a delay.

Through counsel Banner requested a stay of the proceedings because of Counsel's attendance at a wedding and other matters. Counsel for Defendant agreed.

Subsequent to the expiration of the stay Counsel requested dates for Mr. Stirwalt's deposition.

Banner has refused to offer a settlement and stated the matter needed to go to litigation on August 3rd.

Counsel requested dates from counsel for Mr. Stirewalt's deposition on August 20th.

Counsel received no response and on September 21st set the deposition for October 25th.

Counsel received no response for two weeks only to receive an email on October 3rd requesting the deposition be vacated.

Banner again did not volunteer dates and Counsel for Defendant asked for dates on October 11th.

Counsel again agreed to continue to November and Counsel for Banner agreed to the 6th.

The Defendant was then unavailable and the parties agreed on or about October 16th to set the deposition for November 20th at 9:00 am.

No where in any email discussion was there any mention of Mr. Wyatt's discovery responses which were due November 13th and which were provided November 16th. Further extensive discovery was done in the matter including disclosure of all items during a prior 2004

DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS - 2

exam. Banner already has discoverable information. The discovery requests simply cut and paste the same documents requested in the 2004 exam.

Banner has now refused to attend the deposition without requesting a protection order or providing any valid reason not to attend.

Banner is intentionally delaying the deposition of a key witness and should be sanctioned for such conduct.

In the event Mr. Stirewalt fails to attend the deposition set for November 20th, Defendant requests this court set the deposition to begin immediately after the hearing on this matter and to sanction Banner in the following manner:

1) Banner bank should pay for attorney's fees and costs for bringing this motion in addition to the cost of all prior notice of deposition billing.

2) The court should strike Banner's pleadings in the case and dismiss the action with prejudice.

While Defendant's request is extraordinary, failure to provide discovery that is the result of deliberate, dilatory course of conduct which significantly prejudices an adversary and interferes with the judicial may warrant deeming all allegations of a complaint admitted and entering default judgment against the delinquent party. See In re Daily, 47 F#D 365 (9th Cir. 1995).

Numerous people have had to make arrangement to attend this deposition including the Debtor, a Banner Bank representative, and the deponent.

In this case the delay is deliberate. The original deposition was set for October 25th, then again on November 6th, both times prior to discovery being due. Now Banner refuses to comply with a notice of deposition making up some other excuse as to why. Banner simply does not

DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS - 3

want to attend the deposition and is making whatever excuse it can to not attend. There needs to be significant sanctions to deter this type of activity.

These delays prejudice the Defendant to the extent a bankruptcy is forced to delay resolution and pay for defense of litigation without the ability to defend himself.

I certify that I spoke with counsel on Friday November 16th to try and resolve the issues and Counsel again refused to attend the deposition.

DATED this 16th day of November, 2018.

FOLEY FREEMAN, PLLC

_____
Patrick J. Geile
Attorneys for Defendant

DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS - 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of November, 2018, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

| | |
|---|---|
| Randall A. Peterman<br>Alexander P. McLaughlin<br>Givens Pursley, LLP<br>601 W. Bannock St.<br>PO Box 2720<br>Boise, ID 83701-2720 | __X__  CM/ECF Notice |

_____
Patrick J. Geile

DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS - 5