Randall A. Peterman, ISB No. 1944
Alexander P. McLaughlin ISB No. 7977
GIVENS PURSLEY LLP
601 West Bannock Street
Post Office Box 2720
Boise, Idaho  83701
Telephone  (208) 388-1200
Facsimile  (208) 388-1300
rap@givenspursley.com
alexmclaughlin@givenspursley.com
013454-0011

Attorneys for Banner Bank

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>WELLS ALAN WYATT,<br><br>　　　　　　　Debtor. | Case No. 17-40973-JMM<br>Chapter 7 |
| BANNER BANK,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>WELLS ALAN WYATT,<br><br>　　　　　　　Defendant. | Adversary No. 18-08006-JMM |

**EMERGENCY MOTION FOR PROTECTIVE ORDER**

COMES NOW plaintiff Banner Bank, by and through its counsel of record Givens Pursley LLP, and hereby moves this Court, on an emergency basis and on shortened time, for entry of a protective order in this case, alleviating Banner Bank of having to produce David Stirewalt for his deposition on Tuesday, November 20, 2018. This motion is made

**EMERGENCY MOTION FOR PROTECTIVE ORDER - 1**　　　　　　　　　　　　　　14117398.1

pursuant to F.R.B.P. 7026 and F.R.C.P. 26 and is supported by the following grounds and reasons. Oral argument is not requested and Banner Bank respectfully requests that this Court grant this motion on an expedited basis.

## I.   INTRODUCTION

Litigation does not need to be like this. Banner Bank suggested to Wells Alan Wyatt ("Wyatt" or "Defendant") weeks ago a reasonable accommodation to the discovery dispute now—unfortunately—before this Court: have Defendant table the deposition currently set for early next week until December and provide Banner Bank the outstanding discovery responses in the interim, so Banner Bank has those responses in advance of the deposition and to allow adequate time to prepare.

In fact, resetting the deposition to December makes sense for Defendant since by that time, Defendant will have Banner Bank's responses to Defendant's discovery requests. Counsel for Defendant refused that proposal and filed a motion to compel against Banner Bank and is seeking fees. In turn, Banner Bank is now forced to file this motion for protective order. In other words, the respective parties now have to unnecessarily incur fees and costs—and the Court must apply its judicial resources—to address an issue that could have been avoided.

### A.   Relevant Parties.

Banner Bank filed this Complaint in this adversary proceeding ("Adversary Case") on February 14, 2018 (CR 1). Wyatt filed his notice of appearance in this Adversary Case on March 2, 2018 (CR 5). The Complaint seeks, among other things, a nondischargeable judgment pursuant to Sections 523 and 727 of the Bankruptcy Code. Plaintiff and Defendant agreed to informally stay the proceeding pending their attempts to settle the case (CR 6 and 7). Settlement negotiations did not come to fruition.

**EMERGENCY MOTION FOR PROTECTIVE ORDER - 2**                                                14117398.1

B. **Status of Discovery.**

Defendant served on Banner Bank a Notice of Taking Deposition of David Stirewalt, setting the deposition for October 25, 2018 (CR 14). *See* Declaration of Randall A. Peterman in Support of Emergency Motion for Protective Order ("Peterman Dec."), Ex. A. In the interim, Banner Bank served on Defendant its first set of written discovery on or about October 11, 2018. *Id.*, Ex. B.

Mr. Stirewalt's deposition was eventually pushed back to November 20, 2018, pursuant to an amended deposition notice (CR 16). *Id.*, Ex. A. Defendant failed to serve any discovery responses on Banner Bank by the November 12, 2018, deadline—no answers to interrogatories or requests for production. *Id.*, ¶ 4.

C. **The Current Dispute.**

Although counsel for Defendant appears to dispute this point, Banner Bank's counsel advised the Defendant's counsel weeks ago that Defendant's counsel's failure to serve discovery prior to the deposition would impair the deponent's ability to adequately prepare for the deposition and that the deposition would not go forward. Banner Bank reiterated this point in telephone calls, voice messages, and emails to the Defendant during the week of November 12, 2018. Counsel for both parties eventually reached each other by phone on November 16, 2018. Defendant's counsel refused to move the deposition and stated that he did not have discovery documents to provide, which makes little sense. The call ended with counsel for Defendant threatening the undersigned with sanctions.

After the call, and in a hurried manner, Defendant served Banner Bank with discovery responses that were already past due, inappropriate under the Rules, and not verified

**EMERGENCY MOTION FOR PROTECTIVE ORDER - 3**                                              14117398.1

by the Defendant (CR 19).[1] The responses do not produce a single document and contain objections that are improper since the failure to timely serve discovery responses is deemed a waiver of all objections. *See* F.R.C.P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."); *see also* F.R.C.P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").[2] Instead of producing documents, Defendant largely relies on an introductory statement that shirks his responsibility to produce and attempts to put the onus on Banner Bank to state what documents exist that weren't provided at the previous 341 meeting of creditors. That is not proper and amounts to an attempt to shift the burden of production onto the non-responding party.

> The introductory statement reads as follows:
>
> INTRODUCTORY STATEMENT: All of the Defendant's business documents were provided to both Banner Bank and the Trustee, Gary Rainsdon, as part of the 341 procedure and they are all responsive to the below questions. The Defendant will do his best to direct the Plaintiff to the appropriate documents, but will not provide those documents an additional time unless the Plaintiff believes that there are documents that exist that have not been previously produced.

Peterman Dec., Ex. G at 6; *but see In re Datacom Sys., Inc.*, 2014 WL 10077651, at 14 (Bankr.D.Nev. 2014) (rejecting similar objection where the requested documents were those in the defendant's possession, custody or control).

---

[1] Peterman Dec., Ex. G.
[2] F.R.C.P. 33 applies in adversary proceedings, pursuant to F.R.B.P. 7033.

**EMERGENCY MOTION FOR PROTECTIVE ORDER - 4**

14117398.1

Again, these discovery response documents from the Defendant were provided to Banner Bank on November 16, 2018—days after the time limit for a proper response, and days before the deposition.

> D. **This Motion and Associated Request that the Motion be Heard on Shortened Time or Without a Hearing.**

Based on the fact that the deposition is early next week, Banner Bank files this motion for protective order on an emergency basis. The circumstances giving rise to this motion warrant having the matter heard on shortened time and/or without hearing. Further, as evidenced by the supporting Peterman Dec., the undersigned hereby certifies that I have in good faith conferred or attempted to confer with counsel for the Defendant in an effort to resolve the dispute without court action.

## II.    LEGAL STANDARDS

Federal Rule of Bankruptcy Procedure 7026 incorporated F.R.C.P. 26 into adversary proceedings. F.R.C.P. 26(c) governs protective orders. It states, in relevant part:

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- *or as an alternative on matters relating to a deposition*, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
> (B) *specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery*;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]

**EMERGENCY MOTION FOR PROTECTIVE ORDER - 5**              14117398.1

Fed. R. Civ. P. 26(c) (emphasis added).

The decision to grant a protective order is discretionary and is reviewed "for abuse of discretion." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir.2002). A court abuses its discretion when it fails to identify and apply "the correct legal rule to the relief requested," *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir.2009) (en banc), or if its application of the correct legal standard was "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record[.]'" *Id*. at 1262 (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 577 (1985)).

### III.    ARGUMENT

**Good Cause Exists to Grant the Motion at Bar**

Banner Bank seeks a protective order postponing the current deposition until the first week of December and until such time as Defendant provides adequate discovery response. Good cause exists for this request and the same is supported by case authority. *Glas-Weld Systems, Inc., v. Boyle*, Civ. No. 6:12-cv-02273-AA, 2013 WL 4828965 (D. Oregon Sept. 6, 2013)[3] is directly on point. *Glas-Weld* involved a patent infringement claim brought against, among others, defendant Michael P. Boyle ("Boyle"). Plaintiff Glas-Weld Systems, Inc. ("Glas-Weld") served Boyle with discovery. Boyle served on Glas-Weld a deposition notice. Boyle's discovery responses were inadequate. As a result, Glas-Weld moved the Court for a protective order postponing the deposition Boyle scheduled until Boyle provided "complete responses to plaintiff's outstanding discovery requests." *Id*. at *2.

---

[3] Although it is a district court case, the decision emanates from a jurisdiction within the Ninth Circuit.

**EMERGENCY MOTION FOR PROTECTIVE ORDER - 6**                                   14117398.1

The Court granted the motion with little issue and deemed the request "reasonable." *Id*. The Court's reasoning applies with equal vigor to the instant matter, given the factual similarities:

> Coordinating depositions for both defendants is encouraged by the Federal Rules of Civil Procedure and *will decrease the burden and expenses incurred by all parties, and the exchange of documents and interrogatory answers will assist the parties in preparing for depositions*. Further, Michael Boyle must provide responses to plaintiff's discovery requests within 45 days. Once plaintiff receives those responses and defendant Christopher Boyle appears, depositions may proceed.

*Id*. (emphasis added).

Here, Banner Bank has met its burden under F.R.C.P. 26(c) and shown good cause to protect Banner Bank from oppression or undue burden or expense. First, Defendant's failure to timely provide his discovery responses, any documents, and the inadequacy of those documents makes it unreasonable, impractical, and unduly burdensome to proceed with the November 20, 2018, deposition.

Depositions are significant events and Mr. Stirewalt is a major player in this case. The undersigned set aside half of his day Monday to engage Mr. Stirewalt in deposition preparation based on the documents Banner Bank was supposed to receive November 12, 2018, and only received after the undersigned notified Defendant's counsel that the deposition could not proceed. By waiting until the last moment—and one wonders whether any discovery responses would have been served had Banner Bank not cancelled the deposition—Defendant inhibited Banner Bank's ability to prepare for a deposition that will have a significant outcome in this case. This is to say nothing of the fact that when Defendant served discovery, it was wholly inadequate. A response tantamount to "you already have responsive documents and to the extent you disagree, you tell me what documents you don't have" is improper by any measure.

**EMERGENCY MOTION FOR PROTECTIVE ORDER - 7**             14117398.1

Second, the circumstances at bar are the precise situation present in *Glas-Weld*. In that case, the trial judge postponed a deposition until responsive documents were provided. That is the exact reason Banner Bank told Defendant that Banner Bank could not proceed with the deposition and why Banner Bank still cannot proceed with the deposition, given Defendant's discovery responses.

Third and finally, Defendant will suffer no prejudice by simply postponing the deposition from November 20, 2018, to the first week of December. That is a timeframe of roughly two (2) weeks, which is not a significant delay. Further, that window will benefit both parties: (1) it will give time for Defendant to serve adequate discovery responses, and (2) Banner Bank will have provided Defendant with its written discovery by then, meaning Defendant will have more documents and, presumably, a more complete deposition. That is an infinitely practical and reasonable outcome.

## IV.   CONCLUSION

Banner Bank respectfully requests that the Court grant the motion at bar and likewise have this motion heard on shortened time, given the circumstances.

DATED this 16th day of November, 2018.

GIVENS PURSLEY LLP


By  /s/ Randall A. Peterman
    Randall A. Peterman – Of the Firm
    Alexander P. McLaughlin – Of the Firm
    Attorneys for Banner Bank

**EMERGENCY MOTION FOR PROTECTIVE ORDER - 8**                              14117398.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of November, 2018, I filed the foregoing **EMERGENCY MOTION FOR PROTECTIVE ORDER** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Patrick J. Geile**
pgeile@foleyfreeman.com
rboyle@foleyfreeman.com
r59345@notify.bestcase.com

      */s/ Randall A. Peterman*
      Randall A. Peterman

**EMERGENCY MOTION FOR PROTECTIVE ORDER - 9**

14117398.1