UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re:<br><br>Wells A. Wyatt,<br><br>                            Debtor. | Bankruptcy Case<br>No. 17-40973-JMM |
|---|---|
| Banner Bank,<br><br>                            Plaintiff,<br><br>vs.<br><br>Wells A. Wyatt,<br><br>                            Defendant. | Adv. Proceeding<br>No. 18-8006-JMM |

MEMORANDUM OF DECISION

**Appearances:**

    Randall Peterman, GIVENS PURSLEY, LLP, Boise, Idaho, Attorney for Plaintiff.

    Patrick Geile, FOLEY FREEMAN, PLLC, Meridian, Idaho, Attorney for Defendant.

### *Introduction*

Banner Bank ("Plaintiff") filed a six-count adversary proceeding seeking relief against Wells Wyatt ("Defendant") under various subsections of §§ 523 and 727 of the

MEMORANDUM OF DECISION − 1

Bankruptcy Code on February 14, 2018.[1] On August 21, 2019, after a four-day trial in the adversary proceeding, this Court entered an order denying Defendant his chapter 7 discharge under § 727(a)(3) (failure to keep or preserve adequate records). Subsequent to the entry of that order, Plaintiff filed a motion to consider an award of costs and attorneys' fees ("Fee Motion") on August 30, 2019. Dkt. No. 116. On that same day, Plaintiff filed a brief in support of its Fee Motion, a declaration of Plaintiff's counsel (Randy Peterman, "Peterman"), and a bill of costs. Dkt. Nos. 117, 118, 119. Defendant objected to the Fee Motion on September 13, 2019. Dkt. No. 130. Plaintiff replied to the objection on October 8, 2019, Dkt. No. 144, and Defendant responded to Plaintiff's reply on October 10, 2019. Dkt. No. 146. On October 15, 2019, the Court heard oral argument on the Fee Motion and thereafter took the matter under advisement. The Court has considered the parties' briefing and arguments, and this Memorandum of Decision sets forth the Court's findings, conclusions, and reasons for its disposition of the Fee Motion. Rules 7052; 9014.

### *Factual Background*

In June 2007, Defendant organized his cattle operation as an Oregon corporation known as Wyatt Livestock, Inc. ("Livestock"). After Livestock suffered a variety of setbacks and losses, Defendant filed a chapter 7 bankruptcy petition on November 3,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

MEMORANDUM OF DECISION − 2

2017.[2] The majority of Defendant's debts at the time he filed his petition were owed to Plaintiff for one loan made to Livestock and three loans made to another entity, partially owned by Defendant, known as Wyatt Feeding LLP ("Feeding").

Plaintiff filed an adversary complaint against Defendant on February 14, 2018, pleading six separate causes of action. Dkt. No. 1. In Counts I through IV, Plaintiff sought denial of Defendant's bankruptcy discharge under §§ 727(a)(2) (fraudulent transfer or concealment of property), 727(a)(3) (failure to keep or preserve adequate records), 727(a)(4) (false oath or account, presentation of false claim, extortion, bribery, or withholding documents and records from an officer), and 727(a)(5) (failure to explain loss of assets or insolvency). *Id.* at 7–9. In Counts V and VI, Plaintiff asked the Court to determine that Defendant's debts owed specifically to Plaintiff are nondischargeable under either § 523(a)(2)(A) (false pretense, false representation, or actual fraud), or § 523(a)(2)(B) (materially false statement in writing respecting the debtor's financial condition). *Id.* at 9–10.

Defendant filed a motion for summary judgment on January 18, 2019. Dkt. No. 43. The Court granted Defendant's motion for summary judgment on Counts I and III under §§ 727(a)(2) and (4), but denied the motion as to Counts II, IV, V, and VI. Dkt. No. 77. Those four surviving counts were the subject matter of the trial. On June 11, 2019, at the end of the second day of trial, Defendant orally moved to dismiss Counts IV,

---

[2] Case No. 17-40973-JMM (Bankr. D. Idaho).

MEMORANDUM OF DECISION − 3

V, and VI.  Dkt. No. 98.  The Court denied Defendant's oral motion, but during the arguments on the motion, Plaintiff agreed to withdraw its claims as they applied to Feeding, leaving only the Plaintiff's claims on Counts II, IV, V, and VI as they related to Livestock before the Court at the conclusion of trial.

After the trial, on August 21, 2019, the Court issued an order in which it denied relief on Plaintiff's Count IV under § 727(a)(5) and granted relief based on Plaintiff's Count II under § 727(a)(3).  Dkt. No. 111.  The Court declined to address Plaintiff's Counts V and VI under §§ 523(a)(2)(A) and 523(a)(2)(B) because they were mooted by the relief granted under § 727(a)(3).  *Id.*  On September 4, 2019, Plaintiff filed a motion to amend the Court's decision, in which it asked the Court to grant a judgment specifying the amount of the debt owed by Defendant to Plaintiff that would not be discharged.  Dkt. No. 122.  After a hearing on September 16, 2019, the Court orally denied the motion to amend for several reasons, one of which was that Plaintiff did not adduce sufficient evidence at trial to establish the updated amount of the debt owed to it by Defendant as of the time of trial.  Dkt. No. 131.

On August 30, 2019, Plaintiff filed the instant Fee Motion, in which it seeks an order requiring Defendant to pay $6,143.41 in costs and $138,985.00 in attorneys' fees.  Dkt. Nos. 116, 117.  On that same day, Plaintiff filed its bill of costs pursuant to Local Bankruptcy Rule 7054.1 ("LBR 7054.1").  Dkt. No. 135.  Defendant filed an objection to the Fee Motion on September 13, 2019, and both parties briefed the issue in advance of a hearing on the Fee Motion that was held on October 15, 2019, after which the Court took

MEMORANDUM OF DECISION − 4

the matter under advisement. Dkt. Nos. 117, 130, 144, 146, 149. The clerk of Court issued its notice of taxing costs on September 23, 2019, in which it considered Defendant's objections, allowed $6,103.41 in costs, and disallowed $40.00 in costs under LBR 7054.1.

### *Analysis and Disposition*

*A. Attorneys' Fees in Bankruptcy Cases*

Plaintiff requests $138,985.00 in prevailing party attorneys' fees pursuant to (1) Idaho Code § 12-120(3), and (2) the fee-shifting provisions in a guaranty executed by Debtor in which Debtor guaranteed payment of Livestock's debts to Plaintiff. Dkt. No. 117 at 4–6. Defendant objects to such an award of fees, arguing that Idaho Code § 12-120(3) does not apply and that there is no other basis for awarding attorneys' fees in this case. Dkt. No. 130 at 3; Dkt No. 146 at 1-3.

"No general right to attorney fees exists under the Bankruptcy Code." *Heritage Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997). Nor does any provision in § 727 provide for prevailing party attorneys' fees in causes of action under § 727(a). *Optekar v. Tickemyer (In re Tickemyer)*, No. 08-07012-TLM, 2011 WL 1230326 (Bankr. D. Idaho 2011) (citing *Tuloil, Inc. v. Shahid (In re Shahid)*, 254 B.R. 40, 44–45 (10th Cir. BAP 2000). "Although [Rule] 7054 adopts Fed. R. Civ. P. 54(a)-(c), it is in Fed. R. Civ. P. 54(d) that provision is made for an award of attorney's fees. Although the bankruptcy rules include a provision for an award of costs in [Rule] 7054(b), there is no provision for an award of attorney's fees in an adversary action." *Tuloil*, 254 B.R. at 43.

MEMORANDUM OF DECISION − 5

Despite the lack of a general provision expressly providing for attorneys' fees in bankruptcy cases, such fees may be awarded under certain circumstances. For example, under § 523(d), Congress created a limited exception providing for attorneys' fees in cases where the court finds that the position of the creditor was not substantially justified. Additionally, the United States Supreme Court has also identified limited circumstances under which attorneys' fees may be awarded in bankruptcy cases. For example, the Supreme Court has held that an unsecured creditor may assert a postpetition claim against the estate if governing contracts and state law permit such fees. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas. & Elec. Co.*, 549 U.S. 443, 453–54 (2007). Of course, the ruling in *Travelers* applies to "claims against the estate and not to nondischargeable claims against a debtor." *Kilborn v. Haun (In re Haun)*, 396 B.R. 522, 526 (Bankr. D. Idaho 2008). The Supreme Court has also held that the discharge exception under § 523(a)(2)(A) applies to all liability on account of a debtor's fraudulent conduct, including attorneys' fees and costs available under state law, such that attorneys' fees can be available in those cases as well. *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998).

Interpreting *Cohen*, the Bankruptcy Appellate Panel of the Ninth Circuit ("Ninth Circuit BAP") has explained that "[a] prevailing creditor in a nondischargeability proceeding is entitled to contractual attorney's fees under state law *if* the bankruptcy court adjudicates a contract action in connection with the bankruptcy court proceeding." *AT&T Universal Card Servs. v. Pham (In re Pham)*, 250 B.R. 93, 96 (9th Cir. BAP 2000). "[T]he determinative question in cases under § 523(a)(2) is whether the

MEMORANDUM OF DECISION − 6

successful plaintiff could recover attorney's fees in a non-bankruptcy court." *Id.* at 99; *see also Bertola v. N. Wis. Produce Co. (In re Bertola)*, 317 B.R. 95, 99–100 (9th Cir. BAP 2004). As this Court has previously explained, this language from *Bertola* is "imprecise" and "cannot be read literally." *Haun*, 396 B.R. at 528. Rather, in light of *Cohen* and *Pham*, "the inquiry instead must be whether the creditor plaintiff would be entitled to fees in state court for establishing those elements of a claim which the bankruptcy court finds support a conclusion of nondischargeability." *Id.*

Here, Plaintiff urges this Court to import the logic of the § 523 cases discussed above into its request for attorneys' fees in this adversary proceeding under § 727. Per Plaintiff, attorneys' fees should be awarded under Idaho Code § 12-120(3) because its fees incurred in the § 727(a)(3) litigation were related to a commercial transaction. Idaho Code § 12-120(3) provides, in relevant part:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

However, in this context, federal case law interpreting the Code and the Rules does in fact provide otherwise. The Code and the Rules do not provide for awards of attorneys' fees in § 727 actions. Neither has the United States Supreme Court indicated that attorneys' fees should be awarded to prevailing parties in § 727 cases. As of 2015, the Ninth Circuit BAP was unable "to find any Ninth Circuit case where a prevailing creditor in a § 727 action was awarded attorneys' fees on any provision." *Savage v. Brill*

MEMORANDUM OF DECISION − 7

*(In re Savage)*, No EC-14-1074-JuKuPa, 2015 WL 2452626 (9th Cir. BAP May 20, 2015).   Similarly, this Court was unable to identify any such case.

Moreover, other courts that have considered the issue have rejected similar arguments for awarding attorneys' fees in § 727 actions:

> We decline to extend the rationale for awarding fees in a § 523 nondischargeability action to actions seeking to deny a debtor's discharge under § 727.  An action under § 727 does not liquidate the debt, nor does it give the plaintiff a judgment on its claim.  Moreover, an action under § 727 may result in a total denial of discharge, placing every creditor in the position of being able to pursue collection of debts, both liquidated and unliquidated.  The creditor that seeks such relief under § 727, relief that ultimately inures to all creditors, does not gain any special or particularized benefit; it cannot liquidate its debt or obtain a judgment on its debt in an action under § 727.  The creditor cannot use an attorney's fee clause in its contract with the debtor to recover attorney's fees in an action under § 727 because it is not an action on its contract.

*Tuloil*, 254 B.R. at 44.  While this Court is not bound by the reasoning of the Bankruptcy Appellate Panel of the Tenth Circuit, it finds such reasoning persuasive, as have many other courts.  *See, e.g.*, *Phillips v. Gilman (In re Gilman)*, No. CC-18-1101-STaL, 2019 WL 3074607 at *14 (9th Cir. BAP July 12, 2019) ("Indeed, there is no right to recover attorneys' fees in an action under § 727.");  *Savage,* 2015 WL 2452626 (affirming bankruptcy court's denial of request for prevailing party fees under § 727); *Tickemyer*, 2011 WL 1230326 (denying request for fees under § 727 and citing *Tuloil*); *Asphalt Prof'ls Inc. v. Davis (In re Davis)*, 595 B.R. 818 (Bankr. C.D. Cal. 2019) (denying request for attorneys' fees because the § 727 action did not arise out of the parties' contract and prevailing party was not otherwise entitled to fees under § 727); *Locci v. Siewe (In re Siewe)*, No. 14-5321, 2017 WL 2562304 (Bankr. N.D. Ga. June 13, 2017)

MEMORANDUM OF DECISION − 8

("There is no general right to recovery of attorney's fees under the Bankruptcy Code . . . [t]his is particulary true with respect to a Section 727 action."); *Peplinski v. Whitaker (In re Whitaker)*, No. 13-1068J, 2017 WL 354314 (Bankr. D.N.M. Jan. 24, 2017) ("There is no statutory basis in 11 U.S.C. § 727, nor is there a provision in the Bankruptcy Rules, for an award of attorneys' fees to a creditor who prevails on a claim for denial of a debtor's discharge."); *Hill v. King (In re King)*, No. 13-3142, 2014 WL 3056023 (Bankr. S.D. Texas July 2, 2014) (explaining that § 727 does not provide a basis for an award of attorneys' fees to the prevailing party); *First United Bank & Tr. Co. v. Buescher (In re Buescher)*, 491 B.R. 419, 439 (Bankr. E.D. Texas 2013) ("Certainly § 727 itself does not provide a statutory basis for such a recovery and there is sound authority that precludes an award of attorneys' fees in this context.").

Thus, there is no basis in the Code, the Rules, or relevant case law which suggests prevailing party attorneys' fees should be awarded in an action under § 727. Furthermore, this result is consistent with this Court's previous ruling in *Haun*. While prevailing party fees may be awarded in certain § 523 actions, here the Plaintiff would not be entitled to any fees had it proved the elements of its § 727(a)(3) claim in a state court action. This is because the gravamen of a § 727(a)(3) action is the debtor's conduct with respect to recordkeeping in the bankruptcy case as a whole, not to the relationship between a creditor and a debtor based on their rights and duties in contract. The Court finds no authority for awarding fees in this context, and Plaintiff's request for $138,985.00 in fees is denied.

MEMORANDUM OF DECISION − 9

*B. Costs Under Local Bankruptcy Rule 7054.1*

Awards of costs are governed by Local Bankruptcy Rule 7054.1.  Under LBR 7054.1:

> [T]he prevailing party may serve and file a cost bill in the form prescribed by the court, requesting an itemized taxation of costs.  The cost bill must itemize the costs claimed and be supported by a certificate of counsel that the costs are correctly stated, were necessarily incurred and are allowed by law.  The Court will enforce the provisions of 28 U.S.C. § 1927 in the event an attorney or other person admitted to practice in this court causes an unreasonable increase in costs.  Not less than twenty-one (21) days after receipt of a party's cost bill, the clerk, after consideration of any objections, will tax costs and serve copies of the cost bill upon all parties of record.  The cost bill should reflect the clerk's actions to each item contained therein.  Within fourteen (14) days after service by any party of its cost bill, any party may file and serve specific objections to any items setting forth the grounds for the objection.

For these purposes, "the prevailing party is the one who successfully prosecutes the action or successfully defends against it, prevails on the merits of the main issue, and the one in whose favor the decision or verdict is rendered and judgment entered."  Local Rule 7054.1(b).

Here, Plaintiff obtained a verdict in its favor by prevailing in its action under § 727(a)(3).  While Defendant successfully defended against other causes of action pled by Plaintiff, ultimately Plaintiff prevailed on the merits of its action under § 727(a)(3), resulting in the denial of Defendant's discharge.  As such, Plaintiff is entitled to costs under LBR 7054.1.  Here, Plaintiff requested $6,143.41 in costs.  Dkt. No. 119.  Of the $6,143.41 in costs that Plaintiff requested, $40.00 were for "Messenger Service."  Per LBR 7054.1, only the specific costs listed in subsections (c)(1) through (c)(7) are

MEMORANDUM OF DECISION − 10

awarded as a matter of right. Under LBR 7054.1(c)(8), approval of "other items" may only be taxed "with prior court approval." Plaintiff sought no such prior approval from the Court in this case, and the clerk of Court appropriately declined to award $40.00 in fees for "Messenger Service" when it taxed the costs in this case on September 23, 2019. Dkt. No. 135. The remaining $6,103.41 in costs were taxed on behalf of Plaintiff as the prevailing party under LBR 7054.1 (c)(1)–(c)(7). *Id.* Under LBR 7054.1(d), the decision of the clerk of Court to tax costs may be challenged within seven days by filing of a motion to retax, but no such motion was filed in this case. Accordingly, the clerk of Court's decision to tax costs of $6,103.41 remains undisturbed.

## *Conclusion*

Plaintiff requested $6,143.41 in costs and $138,985.00 in attorneys' fees as the prevailing party in this case. Plaintiff is awarded $6,103.41 of its costs and denied $40.00 of its costs under LBR 7054.1. Plaintiff's request for attorneys' fees for prevailing in its action under § 727(a)(3) is denied. A separate order will be entered.

DATED: November 1, 2019

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION − 11